**SO ORDERED.**

**SIGNED this 18 day of September, 2012.**

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:**

**KENNETH M. STANCIL,**                                **CASE NO. 10-04095-8-JRL**

    **Debtor.**                                **CHAPTER 7**

_____

**ALL POINTS CAPITAL CORPORATION,**

    **Plaintiff**

    **v.**                                **ADVERSARY PROCEEDING**
                                **CASE NO. 11-00351-8-JRL**

**KENNETH M. STANCIL,**

    **Defendant.**

**<u>ORDER</u>**

This matter came before the court on the motion for summary judgment of Kenneth M. Stancil ("debtor" or "defendant") on the grounds that the complaint filed by All Points Capital Corporation ("All Points" or "plaintiff") fails to state a claim upon which relief can be granted and no material issue of facts exists entitling the debtor to judgment as a matter of law. A hearing was held in Raleigh, North Carolina on September 11, 2012.

Kenneth M. Stancil ("debtor" or "defendant") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on May 20, 2010. As of the petition date, the debtor was the

vice president and owned forty-five percent of Future Graphics, Inc. ("Future Graphics"), which

had previously filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on

October 23, 2009 in the Eastern District of North Carolina.[1]  On November 5, 2010, this court

entered an order granting the debtor a discharge pursuant to § 727 of the Bankruptcy Code.

Plaintiff filed the present adversary proceeding on November 7, 2011, seeking to revoke

the discharge granted to the debtor, pursuant to § 727(a)(7), or in the alternative, § 727(d)(2) of

the Bankruptcy Code and asserted a claim against the debtor for conversion of certain property

of the estate in Future Graphics bankruptcy case for his own personal use.  On November 11,

2011, the plaintiff filed an amended complaint alleging that the debtor sold, without obtaining

permission, certain printing press equipment belonging to Future Graphics during the course of

its chapter 11 case.  Specifically, the plaintiff contends that the debtor was the recipient of the

proceeds of the sale or personally directed their use or disposal.  After learning of the alleged

sale of the printing presses, the plaintiff took a 2004 examination of the debtor, which was

attached and incorporated by reference to the allegations asserted in the complaint.  On January

7, 2011, the debtor filed his answer asserting that the allegations in the complaint fail to state a

claim upon which relief may be granted pursuant to Bankruptcy Rule 7012 and Rule 12(b)(6) of

the Federal Rules of Civil Procedure.  On June 6, 2012, the debtor filed the motion for summary

---

[1]According to the statements and schedules filed by Future Graphics with its petition, it held equipment totaling $2,953,716.72.  After proposing two plans of reorganization, the court converted Future Graphics' case from a chapter 11 to a chapter 7 on November 3, 2010.  At the first meeting of creditors held on December 12, 2010, the debtor appeared as a representative of Future Graphics. He testified that certain business equipment belonging to Future Graphics, including three printing presses, were sold during the course of the ongoing chapter 11 case and prior to its conversion to chapter 7.

judgment that is now before the court.

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Section 727(a) sets forth the exceptions to discharge applicable to a chapter 7 case. Section 727(a)(7) disallows the granting of a discharge where "the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of . . . subsection [(a) of § 727], on or within one year *before* the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider . . . ." 11 U.S.C. § 727(a)(7) (emphasis added). Thus, the court must disallow a discharge where the debtor has engaged in particular post-petition conduct that

> hindered, delayed, or defrauded a creditor of an entity that is an insider of the debtor or if the debtor has otherwise engaged in an act with respect to that entity's property that would be nondischargeable under § 727(a)(2) – (6) if the debtor committed that act with respect to his own property.

United States Trs. v. Zhang (In re Zhang), 463 B.R. 66, 79 (Bankr. S.D. Ohio 2012) (citing 11

3

U.S.C. § 727(a)(7)).

Section 727(d)(2) provides that a discharge shall be revoked "if . . . the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee . . . ." 11 U.S.C. § 727(d)(2). Under § 727(d)(2), a debtor's discharge may be revoked when a debtor engages in certain types of fraud in connection with his own bankruptcy case.

In this case, after reviewing the pleadings and materials on file with the court and counsels' in-court arguments, the court finds that there is no genuine issue of material fact remaining and that the debtor is entitled to judgment as a matter of law. Specifically, the materials on file show that, as a matter of law, the debtor has not engaged in conduct requiring a revocation of his discharge pursuant to § 727(d)(2). Because the debtor did not engage in post-petition conduct in connection with his own individual chapter 7 case prohibited by § 727(d)(2), the court cannot revoke his discharge. However, the discharge afforded to the debtor in his individual chapter 7 case does not bar the plaintiff from commencing a state court action based upon the debtor's alleged personal conversion and retention of collateral included in the bankruptcy estate in the Future Graphics bankruptcy case.

Based on the forgoing, the debtor's motion for summary judgment is **ALLOWED.** However, this order shall not operate to bar the plaintiff from commencing an action under state law against the debtor for alleged personal conversion and retention of collateral belonging to the bankruptcy estate in the Future Graphics bankruptcy case.

**END OF DOCUMENT**